# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2015

Lyle W. Cayce
Clerk

No. 14-10781
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR CHAPA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-19-2

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

A jury convicted Victor Chapa of conspiracy to possess with intent to distribute 100 kilograms or more of marijuana and possession of a firearm in furtherance of a drug trafficking crime. He appeals those convictions, raising two arguments.

In his first argument, Chapa contends that the district court erred under Federal Rule of Evidence 403 in admitting photographs from his cell phone

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10781

because the court failed to conduct an on-the-record examination of whether the probative value of the photographs was substantially outweighed by the risk of unfair prejudice. Chapa contends that such an evaluation was required by *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc). *Beechum* is inapposite here because it concerned the admission of extrinsic evidence under Federal Rule of Evidence 404(b), whereas Chapa's instant dispute concerns only Rule 403. *See United States v. Maceo*, 947 F.2d 1191, 1199 & n.4 (5th Cir. 1991); *Beechum*, 582 F.2d at 910-11.

With regard to prejudice under Rule 403, Chapa asserts that the Government used the photos to confuse the jury into believing that the firearms depicted in the photos were the same as those found in a shed where he was present with drug trafficking paraphernalia. Even assuming Chapa has preserved his Rule 403 challenge to the exhibits, he has not shown a clear abuse of discretion by the district court. *See United States v. El-Mezain*, 664 F.3d 467, 508 (5th Cir. 2011).

The disputed photos were relevant because they tended to support the probability that Chapa was in possession of the firearms in the shed and elsewhere, rather than, as he contended, simply an innocent bystander who was merely present among them. *See* FED. R. EVID. 401. "Evidence which tends to rebut a defendant's claim of innocent action is unlikely to be unduly prejudicial." *El-Mezain*, 664 F.3d at 509. Chapa has failed to show that the district court abused its discretion in admitting the challenged exhibits. In any event, any error in admitting the exhibits was harmless given the substantial amount of other evidence showing Chapa's guilt on the firearm charge, including his presence in the shed with the firearms and marijuana trafficking materials and the testimony of three of his associates who recounted his culpability. *See United States v. Clark*, 577 F.3d 273, 287 (5th Cir. 2009).

No. 14-10781

In his second argument, Chapa contends that the district court erred in denying his motion for a new trial without a hearing. Chapa moved for a new trial because a juror performed an Internet search, after the first day of the trial, on the punishment range applicable to Chapa's charges. The jurors thereafter discussed the extrinsic information.

"[A] defendant is entitled to a new trial when extrinsic evidence is introduced into the jury room unless there is no reasonable possibility that the jury's verdict was influenced by the material that improperly came before it." *United States v. Ruggiero*, 56 F.3d 647, 652 (5th Cir. 1995) (internal quotation marks and citation omitted). In evaluating whether extrinsic material improperly influenced the jury, "a district court must examine the content of the material, the way in which it was brought to the jury's attention, and the weight of the evidence against the defendant." *United States v. Davis*, 393 F.3d 540, 549 (5th Cir. 2004); *accord Ruggiero*, 56 F.3d at 652-53.

A district court's determination that the jury was not improperly tainted by extrinsic material is reviewed for clear error. *United States v. Bernard*, 299 F.3d 467, 476 (5th Cir. 2002). The district court's denial of a motion for a new trial and its decision whether to hold an evidentiary hearing on the motion are reviewed for an abuse of discretion. *Bernard*, 299 F.3d at 476; *United States v. Cantu*, 167 F.3d 198, 201 (5th Cir. 1999).

Chapa has not shown that the district court abused its discretion in denying his motion for a new trial or deciding that an evidentiary hearing would not advance the issue further. The extrinsic material concerned only Chapa's possible punishment, and the evidence of his guilt on the charges was overwhelming.

**AFFIRMED.**

3